The next case for argument is Krell v. Berryhill. Ms. Homer. Good morning, and may it please the Court. Rachel Homer, on behalf of the Government. The Administrative Law Judge in this case conducted the hearing in accordance with this Court's precedent in Donohue, in Britain, and to not- Of course, this Court's precedent may not be long for this world. I wonder whether we should be doing anything other than putting this on the back burner until the Supreme Court has decided B-Stack. The Government would have no objection to that, Your Honor. However, we don't think it's necessary to do so. We think under current Seventh Circuit precedent, the District- But as I say, current Seventh Circuit precedent may not survive B-Stack. We might want to find out what the Justices think. Of course, Your Honor. And again, we have no objection to that. There's no urgency in deciding this appeal, I take it. The Government doesn't think so. Okay. Thank you. Just to continue, the ALJ in this case did not abuse his discretion in denying the subpoena. The subpoena regulation requires a showing of particularized need for the subpoena to issue. Plaintiff here didn't attempt to show that he had a particularized need. Instead, he argued that Donohue, in Britain, entitled him to the subpoena. That's simply an indirect statement of the law. Is it or is it not your position that the subpoena provision of the regulations can never be used to require the vocational expert to produce the documents, you know, on which he or she will rely? We're not arguing that the subpoena regulation can never be applied to a vocational expert. Simply that it doesn't require the subpoena to issue in this case. The subpoena regulation, as I stated, requires a showing of particularized need. The plaintiff must show that the subpoena is reasonably necessary for the full presentation of the case. In particular, the plaintiff must demonstrate the four criteria identified in 404-950-D2, including that the facts could not be proven without issuing a subpoena. The plaintiff here did not make that showing or, again, did not even really attempt to make that showing. The plaintiff instead argued that Britain and Donohue and McKinney and that line of cases require a subpoena to be issued upon request. This Court has projected that contention in Butera when it explained that a subpoena does not automatically issue simply upon request of the plaintiff. Instead ---- Sotomayor, I'm not sure why it should be sufficient that Crell had an opportunity to supplement the records following the hearing. I don't view that as a substitute for the ability to cross-examine the vocational expert with the materials upon which that expert is relying. And it's not a substitute for ---- Here it was not a substitute for cross-examination. Plaintiff's counsel had the opportunity to cross-examine the vocational expert and, in fact, did so for several pages in the transcript, starting on page 96. In fact, plaintiff's counsel was able to raise his specific objections to the data source that the vocational expert was relying on, the Wisconsin projections. And we know that because in plaintiff's subpoena request, which is at page 289 of the record, plaintiff identifies several objections with that particular source. And then in the transcript, plaintiff's counsel goes through those particular objections with the vocational expert. So plaintiff's counsel was able to do an effective cross-examination of the vocational expert about the source. Not as effective as would have been possible. This court in Britain explained that there generally is no pre-hearing discovery or production of records, and so it's possible that that creates imperfections in how cross-examination will work. But the solution that this court identified in Britain is for the vocational expert to identify the sources during the hearing and then for there to be brief recesses or post-hearing submissions if that's not sufficient. Look, here we had a vocational expert testifying by telephone. So the materials that were relied on weren't disclosed prior to the hearing. And the vocational expert isn't physically present with those documents at the hearing. You've argued in the brief that the documents were publicly available, but that argument seems to be based on the government's perception and that Krell's attorney was familiar with the documents that were used. So we know that Krell's attorney was familiar with it because he identified that specific source in his subpoena request, which is on page 289 of the administrative record. So he was familiar with it, and again, we know that during the hearing  Oh, we don't know, or I don't think we know, but you dissuade me possibly when the attorney became aware. So the vocational expert identified that he was using that particular source during the hearing itself, which is the procedure that this court has embraced in both Donohue and Britain. We know that by page 97, when Krell's counsel is cross-examining the vocational expert, that Krell's counsel is familiar with the source, because the questions that Krell's counsel is asking are exactly the objections that he identifies in his subpoena as objections to this particular source, the Wisconsin Department of Workforce Development occupational projections. That starts on page 97 and continues from there. If Krell's counsel had additional questions about the source, he could have asked them during the hearing. He could have asked for a brief recess so that he could refresh himself as to that source, and he could have submitted rebuttal testimony after the hearing if the cross-examination was insufficient or if he wanted to provide additional rebuttal testimony. He didn't ask for any additional materials during the course of the testimony, did he? That's correct. Given that the ALJ in this case properly relied on the subpoena regulation and conducted the hearing in exactly the manner as instructed in Britain, we believe that the district court must be reversed and remanded. I'd like to save the remainder of my time for rebuttal. Certainly, counsel. Mr. Angermeyer. Your Honors, may it please the Court. I think this is a straightforward case, and the district court thought it was a straightforward case. I have the same question for you as I have for Ms. Homer, which is should we put this on the back burner pending BSTEC? I have the question presented in BSTEC in front of me. It focuses on whether or not vocational experts, when they are asked directly by the attorney, about their methodologies and sources, are required to provide it. In BSTEC, the ALJ wasn't asked to compel an answer from the vocational expert after the vocational expert claimed that it was a confidential matter. Also in BSTEC, the attorney never requested a subpoena under the Commissioner Subpoena Regulations. So regardless of whether the question is answered yes or no by the district court. Let me ask my question in a different way. Were you seeking disclosure at the hearing or discovery before the hearing? The subpoena request itself says production at the hearing would be acceptable. Okay, so you view this as not seeking discovery. One of the reasons I ask that is because BSTEC's brief has been filed in the Supreme Court, and BSTEC says we concede that discovery before a hearing is never required. Now, I thought you might disagree with that, and you might think there's some wedge between your position and the position being articulated in BSTEC. I do disagree. There is a straight line in Britain saying that there is not pre-hearing discovery. It doesn't matter what Britain says. Right. The Supreme Court will make its own decision based on the statute, any regulations, and Richardson against Perales. They will pay, let's just say, negligible attention to the decisions of courts of appeals. Right? So I'm trying to figure out whether there is a difference between the position you are taking and the position that BSTEC is taking, and your answer that you are not seeking discovery suggests to me that the answer is no, but if there is some, have you read BSTEC's brief? I have not. I read the certificate. That would have been a lot more helpful than just reading the question presented, I think. The Solicitor General's brief is not due yet. It's due in the middle of October, so we don't know yet what the government is going to say and whether it will be the same thing, as the Commissioner says, in this appeal. I would say that discovery in the context of a Social Security case probably means a different thing than it means in federal court. The existence of a subpoena regulation means that some discovery is possible. This is how the medical records and other evidence related to Mr. Perales' work history, that's how it gets in the record a lot of the times, through pre-hearing discovery. In fact, the government can order Mr. Krell to appear for a doctor of their choosing to undergo a medical examination, just like you would see in pre-trial discovery in a workers' compensation case. There are forms of pre-trial discovery that we do not find in Social Security. For instance, we're not allowed to depose the vocational expert before the trial, even though we would have that right in federal court most of the time. So there are differences, and that's what Britain and I expect the Supreme Court will recognize. But this case is about the subpoena regulation, and the district court said that the regulation was not faithfully applied by the AOJ. This isn't some obscure regulation that Mr. Krell pulled out of nowhere to throw a spanner into the works of Social Security. He was advised of this regulation and his right to seek production under it. Do you read the magistrate judge's opinion as limited to disclosure after the vocational expert testifies? There's certainly a good deal of language in the magistrate judge's opinion suggesting that discovery is required, that disclosure at a hearing is inadequate. My reading of the district court opinion, it does say that the extent that the government was arguing that the denial of subpoena could have been cured if Mr. Krell had re-renewed his request for the documents post-hearing. The district court disagrees with that because, as Judge Rovner said, that is not going to be an adequate substitute for having the documents available for use in cross-examination of the vocational expert. But as I read the district court opinion, it primarily focuses on the AOJ's requirement to faithfully apply the commissioner's regulations concerning subpoenas. The AOJ cites two reasons for the denial of the subpoena. One is that the documents relied on by the vocational expert were purportedly publicly available, even though the AOJ doesn't know the title of that document and didn't make any independent finding of it. It also had verbally denied the subpoena before he even knew what resource, if any, the vocational expert was going to rely on that day. And the district court, which is familiar with subpoena requests and when they're unreasonable and when they're unclear on what they're asking for, said even under a deferential standard of review, this AOJ is not properly reflecting what was in the subpoena request. It did comply with the prerequisite of the commissioner regulations. The other reason that the AOJ provided was that Mr. Crowl had not shown a need for the documents. Again, the magistrate judge found exactly that language in the subpoena request itself and found that it was an abuse of discretion for the AOJ to simply pretend that it wasn't there or for it to have simply made a gross error in not understanding the contents of the subpoena request. That's what this case is about. That's why there isn't really a circuit split for this court to be concerned about or for the Supreme Court to resolve. The sister circuits have not encountered these issues. It was granted because there was a representation of a conflict among the circuits. And the justices obviously think there is or there would not have been a grant of certiorari. There is a split on a separate issue, Your Honor. This is a subpoena case. None of these sister circuit cases involve a subpoena or an AOJ that has been found to have abused its discretion in applying the commissioner's subpoena regulations. This is a regulation that the commissioner, in her pre-hearing notice to Mr. Crowl, advised him of. And that regulation places no limits on the type of information that can be requested of her. As the government now concedes, it has no limits on whether or not the person can ask for a vocational testimony or for information about the claimant's work history. Or, of course, for the medical histories. That's what this case is about. It's very narrow. And it's primarily a case that's about the commissioner's regulations and about the duty to apply them. You've argued that the de novo standard of review should apply here. But the Seventh Circuit in Fouchard v. Barnhart talked about a refusal to issue a subpoena in terms of abuse of discretion. Other circuits have applied abuse of discretion when assessing whether or not the issuance of a subpoena should have happened or not. It's a standard that's applied in civil discovery. Why wouldn't abuse of discretion apply here? I do agree that the standard of review set out in the Social Security Act is substantial evidence. That's for reviewing the outcome. But in terms of a discovery issue during the course of it, how should that particular determination be viewed? The determination should be viewed as, this court has recognized in the past that when you look at substantial evidence, whether or not it's substantial is determined in part by its provenance. Where did it come from? Is it pursuant to any kind of real methodological background? And also, did the claimant have a fair opportunity to cross-examine the vocational expert? Say the vocational expert testifies at the hearing before the claimant even enters the room, and the claimant never has an opportunity to cross-examine him. Obviously, the testimony of the vocational expert ends up in the record and goes up on appeal under a substantial evidence standard. But the court would still look to whether or not it constitutes an abuse of discretion to not allow the claimant to be in the room to cross-examine the vocational expert. But that's a separate question here. As you said, this is a case about subpoenas. And not about the final outcome, but you're arguing about the subpoena and whether or not the ALJ properly denied. In looking at that particular issue, what standard of review should we apply? You have to apply substantial evidence. That's the standard set by Congress. However, in the past, this court looks towards how the evidence is generated and the level of scrutiny that the ALJ applied to it. How would we apply substantial evidence to the issuance of a subpoena? Because the subpoena itself was done for the purpose of facilitating cross-examination for obtaining the documents necessary to confirm that the jobs being cited by the vocational expert were coming from a reliable source. Because in the past, this court has taken evidence on appeal, found it to be insubstantial because the ALJ subjected it to no scrutiny. And as soon as the appeal court started scratching at the surface of the DOT or the sources it was relying on, found wild problems. And it's found that in case after case after case, and the Commissioner refuses to fix the problem, or has been slow in fixing the problem. Now the Commissioner concedes that many of the resources she's been relying on for the last 15 years are flawed. And she's scrambling, or slowly, to develop a new system for coming up with credible evidence in these cases. But that did not happen in Mr. Prell's case. The magistrate judge thought it did not happen. And the case should be remanded for that to be reviewed. Thank you, Your Honor. Thank you, Counsel. Anything further, Ms. Homer? Yes, Your Honor. I just have three quick points. First, to address Your Honor's question. Abusive discretion is the appropriate standard for reviewing a denial of a subpoena request, as this court held in Butera. Second, plaintiff now seems to be agreeing with us that there is no pre-hearing discovery of a vocational expert's records. The district courts seem to think differently. And so even if plaintiff is agreeing with us on that, we still believe that a reversal and remand is necessary to clarify that opinion. And third, plaintiff seems to be really trying to separate out the issue of the subpoena and the issue of what this court has required in Britain. But if you look to the transcript, which is on page 87 of the administrative record, you can see that plaintiff's arguments before the ALJ was simply that Britain and Donahue require that the subpoena be issued. Plaintiff didn't even attempt to make a separate showing that he had met the particularized need or requirement of the regulation. If there are no further questions, we ask that this case be reversed and remanded. Thank you, Counsel. The case is taken under advisement.